IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LAKEITH AMIR-SHARIF, #05081644,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1901-L** |
| | ) | **ECF** |
| **CAPTAIN J. HOWELL, et al.,** | ) | |
| **Defendants.** | ) | |

### SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on February 2, 2007, this case has been recommitted to the United States Magistrate Judge in light of Plaintiff's objections to the findings, conclusions and recommendation previously filed in this case. The supplemental findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Plaintiff, a pre-trial detainee at the Dallas County Jail, filed this action complaining of his transfer to punitive segregation on October 5, 2006, in alleged retaliation for seeking redress through the Texas Commission on Jail Standards, and through the filing of civil rights actions in this Court. He alleged primarily violations under the Due Process Clause, and sought declaratory, injunctive, and monetary relief.

Contemporaneously with the filing of this recommendation, the Magistrate Judge issued process on Defendants on Plaintiff's due process claims noting that Plaintiff may have arguably raised a claim.

Presently before the Court is a motion for an emergency temporary restraining order and a preliminary injunction in which Plaintiff requested that Defendants be ordered to cease depriving Plaintiff of reasonable access to and use of the telephone, regular out-of-cell exercise, access to the law library, the right to free exercise of religion, unsanitary living conditions, and the right to be free from the punitive segregation status. (*See* Mot. filed on Oct. 17, 2006).

As stated in the recommendation filed on October 27, 2006, Plaintiff cannot establish that he is entitled to a temporary restraining order or a preliminary injunction at this time on any of his claims. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (a party seeking a temporary restraining order or a preliminary injunction must prove (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest). Moreover, as noted above, process has been issued and his claims will be addressed shortly.

Also before the Court are the following motions: (1) Plaintiff's emergency motion for ruling on objection, for injunction and, in the alternative, for writ of mandamus, (2) Plaintiff's motion for injunctive relief and evidentiary hearing on his original relief requested, and (3) Plaintiff's habeas corpus petition or for writ of mandamus, and motion for hearing. (*See* Mots. filed on December 12, 2006, and January 5 and 26, 2007). These three motions reiterate for the most part the claims raised in his initial motion for a temporary restraining order or a preliminary injunction. As a result, they should be denied as moot.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Docket #11) be DENIED, and that Plaintiff's motions for ruling on objection, for injunction and, in the alternative, for writ of mandamus, motion for injunctive relief and evidentiary hearing, and habeas corpus relief or for writ of mandamus and for hearing (Docket # 21, #24, #28) be DENIED as moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of February 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.